**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Travis Strickland, ) | | |
| *on his own behalf and on behalf of all others* ) | Case No. 23-cv-1634 | |
| *similarly situated*, ) | | |
| ) | | |
| Plaintiff, ) | Judge Steven C. Seeger | |
| ) | | |
| v. ) | Magistrate Judge Hon. Laura K. | |
| ) | McNally | |
| Chicago Transit Authority, ) | | |
| ) | | |
| Defendant. | | |

<u>Plaintiff Travis Strickland's Response to Defendant CTA's Motion to Compel</u>

NOW COMES Plaintiff, TRAVIS STRICKLAND, through his attorneys, and requests that this Court deny the CTA's motion to compel. (Dkt. #50). In support thereof, he submits the following:

1.	In 1996, the Supreme Court recognized that confidential communications between patients and their psychiatrist, psychologist, psychotherapist, or social worker are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence. *Jaffee v. Redmond*, 518 U.S. 1, 13 (1996) (statements made by police officer to her therapist after she had killed a man were protected from compelled disclosure in lawsuit brought by dead man's family).

2.	Defendant claims that it is "well-established" that mental health treatment notes are discoverable if a plaintiff "places his mental health at issue" but cited only two cases for that

1

proposition: a district court case, *Laudicina v. City of Crystal Lake*,[1] and *Doe v. Oberweis Dairy,* 456 F.3d 704, 718 (7th Cir. 2006). (Dkt. #50 at pp. 3-4).

3. The Seventh Circuit in *Oberweis Dairy* claimed that the privilege recognized in *Jaffee* was not "absolute[2]" but did not explain why this was so and instead cited an Eighth Circuit case[3] in support. Of course, no lower court can overrule—or modify—a Supreme Court decision.

4. The court in *Laudicina* wrote that the Supreme Court in *Jaffee* had "stated that the privilege was not absolute and could be waived" but that is, simply, not correct. The judge in *Laudicina* cited[4] to footnote #14 from *Jaffee*, which footnote said only that "Like other testimonial privileges, *the patient* may of course waive the protection. *Jaffee*, 518 U.S. at 15 (emphasis added). The *Jaffee* footnote said nothing about the privilege not being "absolute." *Id.*

5. In short, *Oberweis* does not "control this analysis." (Dkt. #50). *Jaffee* does. 518 U.S. at 13.

6. Even if *Oberweis Dairy* were good law, which Strickland does not concede that it is, Strickland has not "place[d] his … psychological state in issue." 456 F.3d 704, 718 (7th Cir. 2006). At his deposition, Strickland testified, "I don't want to put nothing on record." (Dkt. #50-3, Strickland Dep. at 243: 2-3). Strickland desired, and still desires, to avoid this invasion of his privacy. Accordingly, he did not claim any such treatment in his written answers to discovery. All he was doing in his deposition was doing his best to be truthful while under oath.

---

[1] 328 F.R.D. 510, 512 (N.D. Ill. 2018)
[2] *Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006)
[3] *Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006) citing *Schoffstall v. Henderson,* 223 F.3d 818, 823 (8th Cir.2000)
[4] *Laudicina*, 328 F.R.D. 510, 512 (N.D. Ill. 2018)

2

7.      As Plaintiff's counsel has expressed to Defendant in writing, Strickland is not trying to have it "both ways." He does not intend to present any testimony at trial that he spoke to a therapist about the CTA's denial of his request for religious exemption. Therefore, any records that may exist[5] are not relevant.

8.      As a practical matter, it is worth noting that Strickland is a current, active employee of the CTA[6]. Therefore, If CTA's motion is granted, Strickland's *current employer* would have access to such records (if they exist). Allowing such access is not proportional to the needs of this case.

9.      Discovery closed February 20, 2025; and the parties have a status report due March 13, 2025. (22-cv-6024[7], Dkt. #73). Plaintiff submits that, in the interest of efficiency, the present motion should be denied and the parties should move forward with the next steps in this case (either settlement discussions or dispositive motions).

WHEREFORE, Plaintiff requests that this Court DENY the CTA's motion to compel the production of documents and DENY its request to strike Plaintiff's request for emotional damages.

*Respectfully submitted by:*

/s/ Julie Herrera
Law Office of Julie O. Herrera
231 S. LaSalle St., Suite 2100
Chicago, IL 60604
312-479-3014 (Phone)
708-843-5802 (Fax)
www.julieherreralaw.com
jherrera@julieherreralaw.com

Date: 3/4/25

---

[5] Plaintiff is not in possession of any treatment records and does not know if any exist.
[6] He got a COVID-19 vaccine after being denied religious exemption. (Dkt. #1 at ¶ 38).
[7] Harris v. CTA (the lead case)

3